**Cirilo A. MARTINEZ, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–503.

United States Court of Veterans Appeals.

May 27, 1994.

Cirilo A. Martinez, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Wash-ington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

NEBEKER, Chief Judge:

Cirilo A. Martinez appeals a January 7, 1992, Board of Veterans' Appeals (Board or BVA) decision denying his claim for benefits for rheumatoid arthritis. On consideration of appellant's informal brief, the Secretary's motion for summary affirmance, and the record on appeal, the Court reverses the BVA's decision and remands the matter for further proceedings consistent with this opinion.

## I. BACKGROUND

Appellant served on active duty with the "New" Philippine Scouts from June 1946 to April 1949. During his service, appellant was hospitalized for more than a year. Various entries on his service medical records note "arthritis, knees ... type undetermined" (R. at 23); "clinical diagnosis ... arthritis" (R. at 59); "possible rheumatic fever" (R. at 63); "arthritis—possible manif[estation] of rheumatic fever" (R. at 71); "[patient hospitalized] for rheumatic fever" (R. at 75); "arthritis, chronic" (R. at 85); "arthritis, chronic, rheumatoid" (R. at 92); and "arthritis, chronic, rheumatoid, both knees, severe, cause undetermined" (R. at 95, 99). His separation examination stated "arteritis [sic], both knee[s], 1947." R. at 101. Appellant originally filed a claim for benefits for rheumatoid arthritis in 1956 but was denied service connection by the VA Regional Office (RO).

In 1965, appellant attempted to reopen his claim. R. at 123. The RO refused to reopen. In December 1989, appellant again tried to reopen his claim, and the RO apparently reopened his claim but denied it. Appellant appealed this denial to the BVA which remanded his claim to the RO with instructions to obtain his medical records from his private physicians and to arrange for an examination by specialists in rheumatology and orthopedics "to ascertain whether the veteran currently demonstrates signs and symptoms of rheumatoid arthritis or of any other inflammatory process, especially one affecting both knees" and for the examiners

**464**

to "express an opinion whether any current findings of an inflammatory process are related to the findings reported in service." R. at 167.

In June 1991, a VA examination was conducted, not by the specialists that the Board had stipulated, but by a generalist, whose report was not entirely responsive to the Board's instructions. R. at 176. The generalist found "osteoporosis with minimal degenerative hypertrophic osteoarthritis[,] both knees." *Id.* The RO again denied service connection. Appellant appealed. The BVA affirmed the RO's denial without mention of the deviation from the mandated specialists' examinations.

On the issue of reopening, the Board stated:

> Since chronicity, as outlined in 38 C.F.R. § 3.303(b), is a factor in this case, the evidence currently presented, in connection with evidence previously assembled, is considered to be of some significance in order to fairly decide the merits of the claim. Since the evidence [regarding chronicity] is somewhat evenly divided, the Board will give the veteran the benefit of the doubt pursuant to 38 U.S.C. § 5107(b) and reopen his claim.

R. at 8. In doing so, the Board reopened appellant's case and held that the preponderance of the evidence was against his claim for service connection for rheumatoid arthritis because, according to the Board, his rheumatoid arthritis in service was not chronic, nor was it continuous after service.

## II. ANALYSIS

■ In any case in which more than a year has lapsed since an RO decision or in which the BVA has rendered a final decision, new and material evidence must be submitted before a claim can be reopened. 38 U.S.C. § 5108. This Court stated in *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991) (citation omitted), that in order to reopen a claim, "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *See also* 38 C.F.R. § 3.156(a) (1993). As we noted in *Colvin*, "the 'benefit of the doubt' standard

applicable to the fact finder in veterans benefits jurisprudence necessarily lowers the threshold of whether the new and material evidence is sufficient to change the outcome." *Colvin*, 1 Vet.App. at 174 (citations omitted). However, the equipoise doctrine cannot take the place of the standard for reopening a case articulated in our case law, 38 U.S.C. § 5108, and the Secretary's regulations.

A reading of 38 U.S.C. § 5107(b) reveals that in the context of a well-grounded claim the benefit of the doubt doctrine applies to the adjudication of the merits of a claim. More specifically, the doctrine applies to "the merits of an issue material to the determination of the matter . . . ." *Id.* If on the merits of an issue "there is an approximate balance of positive and negative evidence" the benefit of the doubt is given the claimant. *Id.*

To apply this equipoise dictate to the statutory provision dealing with reopening, section 5108, would require a full credibility determination before the matter is reopened. However, all that section requires is that new and material evidence be "presented or secured," not weighed. 38 U.S.C. § 5108. More recently the Court has held, as to the reopening standard that:

> Once the claim is reopened, then the adequacy of the evidence (new and old) to *establish* service connection is a question of fact for the Board to determine in accordance with the usual rules of adjudication of fact questions—burden of proof, weight, credibility, benefit of the doubt, etc.
>
> . . . .
>
> . . . "New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which, as this Court stated in *Colvin*, . . . must be of sufficient weight or significance (assuming its credibility) that there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.

*Cox v. Brown*, 5 Vet.App. 95, 98 (1993).

■ Thus, the Board erred in considering reasonable doubt in deciding whether to reopen the claim. However, it is clear from

the BVA's decision, quoted *supra,* that the Board considered both the old and new evidence and found it to be in equipoise. The Board did not limit its conclusion to the newly submitted evidence, that is, the evidence submitted to reopen the claim. Rather, the BVA made clear that its finding concerning evidence of chronicity applied to both the evidence "currently presented" and that "previously assembled." While the Board said the evidence was "somewhat evenly divided," we conclude that finding is the functional equivalent of "approximate balance," the language of section 5107(b). Once the Board finds that the evidence is in equipoise, the veteran's claim must be granted. We therefore REVERSE the Board's decision and REMAND the matter with directions to award service connection and for such further proceedings as are necessary.

Given our reversal, we need not address whether the Board's previous remand to the RO to have specialists examine appellant created a right to such examinations. *Cf. Hyder v. Derwinski,* 1 Vet.App. 221, 225 (1991).